Donald W. Powell – State Bar No. 3238
**CARMICHAEL & POWELL, P.C.**
7301 North 16th Street, Ste. 103
Phoenix, Arizona 85020-5297
Phone: (602) 861-0777

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>AZTK, LLC,<br><br>Debtor. | No. 2-10-09367-SSC<br><br>CHAPTER 11<br><br>PLAN OF REORGANIZATION |

COMES NOW the above-named Debtor, by and through its attorneys undersigned, and herein proposes the following Plan of Reorganization.

I.  Classification of Creditors.

The classes of creditors are divided as follows:

Class 1     Expenses of Administration.

Class 2     Secured creditor WELLS FARGO BANK ("WELLS").

Class 3     COUNTY OF MARICOPA ("MARICOPA").

Class 4     DANA POINT OWNERS ASSOCIATION ("DANA").

Class 5.    Unsecured creditors.

Class 6. Owner.

II. <u>Treatment Provisions for Claims of Creditors</u>.

The claims of creditors will be satisfied and treated as below set forth:

Class 1. The Debtor has certain administrative claimants. The law firm of CARMICHAEL & POWELL, P.C., the Court appointed attorneys for the Debtor, is due sums for legal services and expenses. The Debtor will pay any approved sums to said claimant within thirty (30) days of the applicable Court Order. Any sums due the United States Trustee are within this Class; it is believed the Debtor is current with quarterly payments due the United States Trustee, and will so remain current. This Class is not impaired by the Plan.

Class 2. WELLS possesses a first lien and second lien on the real property owned by the Debtor at Suites 103 and 104, 3303 East Baseline Road, Gilbert, Arizona. The lien of WELLS will be retained. Beginning July 10, 2010, and continuing on the same day of each month thereafter until the obligation due WELLS has been fully satisfied, the Debtor will pay WELLS Seven Thousand One Hundred Fifty-Four ($7,154.00) Dollars per month. Interest will be paid to WELLS at the contract rate. This Class is impaired by the Plan.

Class 3. MARICOPA possesses claims for real property taxes due on the real property. The amount due MARICOPA will be paid within two (2) years of the date of confirmation. MARICOPA will be paid interest at Sixteen Percent (16%) per annum. This Class is impaired by the Plan.

Class 4. DANA claims an amount due for fees and services of the owners association for the applicable real property complex. The Debtor believes no sums are due as a result of violations by the owners association of the applicable CC&Rs. Any valid and proven claim of DANA will be paid one-half within twelve (12) months of the date of confirmation and one-half within twenty-four (24) months of the date of confirmation. Interest will be paid to DANA at the Federal legal rate. This Class is impaired by the Plan.

Class 5. Unsecured creditors with valid and proven claims will be paid Fifteen Percent (15%) of such claim within two (2) years of the date of confirmation and Fifteen Percent (15%) of such claim within three (3) years of date of confirmation. Interest at the Federal legal rate will be paid on the amounts due unsecured creditors pursuant to the terms of this Class. This Class is impaired by the Plan.

Class 6. The owner of the Debtor will contribute Seven Thousand Five Hundred ($7,500.00) Dollars to assist in consummation of the Plan. It is the belief of the owner that if a Chapter 7 liquidation occurs, there will be absolutely no funds left for the owner of the Debtor. Due to the amounts of the claims of WELLS, MARICOPA, administrative claimants, DANA, and unsecured creditors, the owner is of the opinion no net value will be applicable for the Debtor for an extensive period of time. Hence, the Seven Thousand Five Hundred ($7,500.00) Dollars is at least an equivalent value of his interest in the Debtor. Such amount will be contributed within one (1) year of the date of confirmation. Competing Plan proposals shall be allowed under applicable

bankruptcy laws, and creditors shall have the opportunity to participate in and bid on the equity rights being retained by the owner. Any non-compliance with 11 U.S.C. § 1129(b)(2)(B)(I), which provides that each holder of an unsecured claim in a Class receive or retain on account of such claim property of a value, as of the effective date of the Plan, equal to the allowed amount of such claim, shall be resolved by the new money which is being contributed to the Debtor, thereby satisfying the "new value exception" to the absolute priority rule of the Bankruptcy Code. This Class is impaired by the Plan.

### III. Execution and Implementation of the Plan.

The Debtor will remain in business post-confirmation, and KIANOUSH KIAN, M.D., Managing Member of the Debtor, shall continue to serve as the person to perform the duties of the Debtor-In-Possession. The law firm of CARMICHAEL & POWELL, P.C., will represent the Debtor regarding consummation of the Plan of Reorganization. The proceeds will derive from the ongoing business operations and the new money being contributed.

### IV. Contested Claims.

Contested claims by the Debtor shall be paid only upon their allowance by the Court, and in such allowed amount according to the Class in which they belong.

### V. Modification of the Plan.

The Debtor may propose amendments or modifications of this Plan at any time prior to confirmation by compliance with 11 U.S.C. § 1127. After confirmation the Debtor may, with approval of the Court, with notice and a

- 4 -
U:\DWP\AZTK, LLC\Pldg\Plan of Reorganization.docPlan of Reorganization

hearing if the Court so orders, and so long as it does not materially or adversely affect the interests of the creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the order of confirmation in such manner as may be necessary to carry out the purposes and effect of the Plan.

VI.  Jurisdiction of the Court.

The Court will retain jurisdiction, until the Plan has been fully consummated, concerning, but not limited to, the following:

1.  The classification of the claim of any creditor and the re-examination of the claims which have been allowed for the purposes of voting and the determination of such objections as may be filed to creditors' claims. The failure by the Debtor to object to or examine any claim for purposes of voting shall not be deemed to be a waiver of the Debtor's right to object to or re-examine the claim in whole or in part.

2.  The determination of all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes or conflicts whether or not subject to any action pending as of the date of confirmation between the Debtor and any other party including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

3.  The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

4.  The enforcement and interpretation of the terms and conditions of this Plan.

5. The entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights and powers.

6. The entry of any Order concluding in the termination of the case.

## VII. Post Confirmation Activities.

The assets of the Debtor will not be dissipated after confirmation of the Plan.

## VIII. United States Trustee Post-Confirmation.

The Debtor will satisfy, by cash payment and on a timely basis, the quarterly fees due the United States Trustee post-confirmation, such quarterly fees to be paid until a Final Decree has been entered. Further, the Debtor will file on a timely basis, post-confirmation, the required Financial Reports due the United States Trustee, with copies of all such Reports being filed to be served on the United States Trustee.

## IX. Plan Default.

The Debtor's failure to make any payment due under the Plan within thirty (30) days after the payment is due shall constitute a default unless the Debtor and the affected creditor agree to delayed payment. A default in payment as to one creditor shall constitute a default in payment as to all creditors. A default shall also occur when any default provisions of any creditor's contract with the Debtor assumed or continued by the Plan has been breached except to the extent that the default provisions or applicability thereof are

- 6 -
U:\DWP\AZTK, LLC\Pldg\Plan of Reorganization.docPlan of Reorganization

modified by the Plan. Upon default, creditors may immediately move for conversion or dismissal of this case, pursuant to 11 U.S.C. § 1112.

X. Effect of Confirmation.

Except as otherwise provided in the Plan or the Order Confirming Plan, confirmation acts as a discharge, effective the date of confirmation, of any and all debts of the Debtor that arose any time before the entry of the Order Confirming Plan including, but not limited to, all principal and interest accrued thereon, pursuant to §1141(d)(1) of the Bankruptcy Code. The discharge shall be effective as to each claim, regardless of whether a Proof of Claim thereon was filed, whether the claim is an allowed claim or whether the holder thereof votes to accept the Plan.

In addition, any pre-confirmation obligations of the Debtor dealt with in the Plan shall be considered new obligations of the Debtor, and such new obligations shall not considered in default unless and until the Debtor defaults on the new obligations pursuant to the terms of the Plan. The new obligations provided for in the Plan shall be in the place of, and completely substitute for, any pre-confirmation obligations of the Debtor and, once the Plan is confirmed, the only obligations of the Debtor shall be such new obligations as provided for under the Plan.

XI. Unclaimed Funds and Interest.

Distribution to claimants shall be mailed by the Debtor to claimants at the address appearing on the master mailing matrix unless the claimant provides the Debtor with an alternative address. For a period of one year from the date a distribution was made by the Debtor but has gone uncollected by the claimant, the Debtor shall retain any distributions otherwise distributable

hereunder which remain unclaimed. Thereafter, the unclaimed funds shall revest in the Debtor.

XII. **Revesting**.

Except as provided for in the Plan or in the Order Confirming Plan, on the date of confirmation the Debtor shall be vested with all the property of the estate, free and clear of all claims, liens, charges, and other interests of creditors, arising prior to the date of confirmation. Upon the date of confirmation, the Debtor shall operate its business free of any restrictions.

RESPECTFULLY SUBMITTED this 29th day of June, 2010.

CARMICHAEL & POWELL, P.C.

By /s/ Donald W. Powell
Donald W. Powell
7301 North 16th Street, #103
Phoenix, Arizona 85020
Attorneys for Debtor